United States District Court for the District of Columbia

| | |
|---|---|
| Denise R. Colbert, an individual,<br>7900 Farrs Lane<br>Forestville, MD  20747 | )<br>)<br>)  Civil Action No.<br>) |
| and<br>Sheron W. Minter<br>2305 Henson Valley Way<br>Fort Washington, MD  20744<br>Glen Burnie, Maryland  21061 | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| William H. Turri, Acting Public Printer<br>    of the United States<br>U. S. Government Printing Office<br>North Capitol St. and H St., N.W.<br>Washington, D.C. | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |
| Serve: | )<br>) |
| William H. Turri, Acting Public Printer<br>U. S. Government Printing Office<br>North Capitol St. and H St., N.W.<br>Washington, D.C.  20401 | )<br>)<br>)<br>)<br>) |
| United States Attorney<br>555 4th St., NW<br>Washington, DC  20001 | )<br>)<br>)<br>) |
| U.S. Attorney General<br>Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530 | )<br>)<br>)<br>) |

**COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT
IN VIOLATION OF TITLE VII**

Plaintiffs, Sheron W. Minter and Denise Colbert, for their complaint against Defendant William Turri, allege:

1

1. This is an action for race discrimination in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5 and 2000e-16.

### Jurisdiction and Venue

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §1346, because it is an action against an agency of the United States, and 28 U.S.C. §1331, because it arises under the laws of the United States, particularly 42 U.S.C. §2000e-16.

3. Venue is proper in the United States District Court for the District of the District of Columbia, pursuant to 28 U.S.C. §1402(b), because all of the events giving rise to the claim occurred in the District of Columbia.

### Parties

4. Plaintiff Sheron W. Minter is an individual who resides in Glen Burnie, Maryland. At all relevant times, Ms. Minter was employed by the United States Government Printing Office in Washington, D.C.

5. Plaintiff Denise Colbert is an individual who resides in Forestville, Maryland. At all relevant times, Ms. Colbert was employed by the United States Government Printing Office in Washington, D.C.

6. The office of the Public Printer Defendant is vacant. William H. Turri is sued in his official capacity as the Acting Public Printer of the United States and head of the United States Government Printing Office ("GPO"). The claims alleged herein arise out of the failure and refusal of responsible management officials of Defendant, to promote and/or select Plaintiffs for one of two positions within the GPO for which Plaintiffs were qualified.

**Administrative Remedies**

7. Plaintiffs have exhausted their administrative remedies pursuant to Title VII, in that they submitted to and cooperated fully with the Equal Employment Opportunity counseling procedure, filed a formal complaint with the agency EEO office on or about February 23, 2006, which complaints have been pending for more than 180 days. The Agency's consent motion to consolidate the EEO complaints, filed with the EEOC in March, 2007, has not been ruled on.

**Facts**

8. Plaintiff Denise R. Colbert is an African American woman, who, at all relevant times, has been employed as a Printing Service Specialist in the Production Planning Service of the GPO.

9. Plaintiff Sheron W. Minter is an African American woman, who, at all relevant times, has been employed as a Printing Services Specialist in the Customer Services section of Congressional Publishing Services of the GPO.

10. Plaintiffs are informed and believe, and based thereon allege, that the management of Congressional Publishing Services are biased in favor of white males for positions, such as those in issue, that involve liaison between GPO and Congress.

11. On or about December 29, 2005, two position vacancies were posted in the Customer Services section of Congressional Publishing Services, one a Supervisory Printing Services Specialist on shift one, and the second, a Supervisory Printing Services Specialist on shift two.

12. Plaintiffs submitted timely applications for both positions.

13. Each plaintiff was qualified for each of the positions. Plaintiffs are informed and believe, and based thereon allege, that no other candidate for either of the positions was more qualified than plaintiffs.

14. On or about January 20, 2006, without having interviewed either of the plaintiffs, the positions were filled, in each case by a white male applicant.

15. Plaintiff Minter is informed and believes, and based thereon alleges, that she was equally qualified, or more qualified, than the selectee for each position, and that race and sex, independently and in combination, were substantial factors in the selections for each position.

16. Plaintiff Colbert is informed and believes, and based thereon alleges, that she was equally qualified, or more qualified, than the selectee for each position, and that race and sex, independently and in combination, were substantial factors in the selections for each position.

17. Had Plaintiffs been selected for either of the positions, they would have accepted.

18. Plaintiff Minter has therefore sustained a loss of compensation in the full amount of the salary and benefits offered and paid to the successful candidate for each position, which, on information and belief, exceeds $10,000.00 annually.

19. Plaintiff Colbert has therefore sustained a loss of compensation in the full amount of the salary and benefits offered and paid to the successful candidate for each position, which, on information and belief, exceeds $10,000.00 annually.

**Count 1**

(Race Discrimination)

20. Plaintiff incorporates by reference the allegations of paragraphs 1 through 19 as though fully set forth here.

21. Plaintiff Sheron W. Minter was subjected to race discrimination, in that she was not selected for the position of Supervisory Printing Services Specialist for which she was qualified, the position was filled by a person not of her race, and, on information and belief, race was a substantial factor in the selection.

22. Plaintiff has suffered damages as a proximate and direct result of the discrimination, including but not limited to loss of position, and loss of earnings and benefits.

**Count 2**

(Sex Discrimination)

23. Plaintiff incorporates by reference the allegations of paragraphs 1 through 19 as though fully set forth here.

24. Plaintiff Sheron W. Minter was subjected to sex discrimination, in that she was not selected for the position of Supervisory Printing Services Specialist for which she was qualified, the position was filled by a man, and, on information and belief, sex was a substantial factor in the selection.

25. Plaintiff has suffered damages as a proximate and direct result of the discrimination, including but not limited to loss of position, and loss of earnings and benefits.

**Count 3**

(Race Discrimination)

26. Plaintiff Colbert incorporates by reference the allegations of paragraphs 1 through 19 as though fully set forth here.

27. Plaintiff Denise R. Colbert was subjected to race discrimination, in that she was not selected for the position of Supervisory Printing Services Specialist for which she was qualified, the position was filled by a person not of her race, and, on information and belief, race was a substantial factor in the selection.

28. Plaintiff has suffered damages as a proximate and direct result of the discrimination, including but not limited to loss of position, and loss of earnings and benefits.

## Count 4

### (Sex Discrimination)

29. Plaintiff Colbert incorporates by reference the allegations of paragraphs 1 through 19 as though fully set forth here.

30. Plaintiff Denise R. Colbert was subjected to sex discrimination, in that she was not selected for the position of Supervisory Printing Services Specialist for which she was qualified, the position was filled by a man, and, on information and belief, sex was a substantial factor in the selection.

31. Plaintiff has suffered damages as a proximate and direct result of the discrimination, including but not limited to loss of position, and loss of earnings and benefits.

WHEREFORE, Plaintiffs pray:

As to Plaintiff Sheron W. Minter:

1. For an injunction requiring that Defendant promote Plaintiff Sheron W. Minter to the position of Supervisory Printing Services Specialist, or a comparable position;

2. For an injunction requiring that Defendant prevent discrimination of the types to which Plaintiffs have been subjected, and refrain from taking any adverse action against Plaintiffs except for bona fide reasons which would not violate her rights to be free from discrimination;

3. For back pay and lost benefits, and for an award of future lost earnings and benefits equivalent to what Plaintiff would earn through the effective date of such promotion, if any, in the amount of at least $30,000, according to proof at trial;

4. For reasonable attorneys' fees, interest, and costs of suit; and,

5. For such other relief as the court deems just and proper.

As to Plaintiff Denise R. Colbert:

    6. For an injunction requiring that Defendant promote Plaintiff Denise R.Colbert to the position of Supervisory Printing Services Specialist, or a comparable position;

    7. For an injunction requiring that Defendant prevent discrimination of the types to which Plaintiffs have been subjected, and refrain from taking any adverse action against Plaintiffs except for bona fide reasons which would not violate her rights to be free from discrimination;

    8. For back pay and lost benefits, and for an award of future lost earnings and benefits equivalent to what Plaintiff would earn through the effective date of such promotion, if any, in the amount of at least $30,000, according to proof at trial;

    9. For reasonable attorneys' fees, interest, and costs of suit; and,

    10. For such other relief as the court deems just and proper.

    /s/
Theodore S. Allison (D.C. Bar #441089)
Karr & Allison, P.C.
1300 19th Street, N.W., Suite 402
Washington, D.C. 20036
Telephone (202) 331-7600

Attorneys for Plaintiffs

**Demand for Jury Trial**

Plaintiffs respectfully request a trial by jury on all claims stated herein which by law may be tried to a jury, pursuant to the Constitution and Statutes of the United States, including but not limited to 42 U.S.C. §1981a.

_____/s/_____
Theodore S. Allison (D.C. Bar #441089)
Karr & Allison, PC
1300 19th Street, N.W., Suite 402
Washington, D.C.  20036
Telephone (202) 331-7600

Attorneys for Plaintiffs

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Denise R. Colbert; Sheron W. Minter    88888 | William H. Turri, U.S. Government Printing Office |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Prince George
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Theodore S. Allison
1300 19th St., N.W., Suite 402
Washington, DC 20036
(202) 331-7600

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01219
Assigned To : Collyer, Rosemary M.
Assign. Date : 7/6/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  ○ G. *Habeas Corpus/ 2255*  ☐ 530 Habeas Corpus-General  ☐ 510 Motion/Vacate Sentence | ⊙ H. *Employment Discrimination*  ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)  *(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*  ☐ 895 Freedom of Information Act  ☐ 890 Other Statutory Actions (if Privacy Act)  *(If pro se, select this deck)* | ○ J. *Student Loan*  ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*  ☐ 710 Fair Labor Standards Act  ☐ 720 Labor/Mgmt. Relations  ☐ 730 Labor/Mgmt. Reporting & Disclosure Act  ☐ 740 Labor Railway Act  ☐ 790 Other Labor Litigation  ☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*  ☐ 441 Voting (if not Voting Rights Act)  ☐ 443 Housing/Accommodations  ☐ 444 Welfare  ☐ 440 Other Civil Rights  ☐ 445 American w/Disabilities-Employment  ☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*  ☐ 110 Insurance  ☐ 120 Marine  ☐ 130 Miller Act  ☐ 140 Negotiable Instrument  ☐ 150 Recovery of Overpayment & Enforcement of Judgment  ☐ 153 Recovery of Overpayment of Veteran's Benefits  ☐ 160 Stockholder's Suits  ☐ 190 Other Contracts  ☐ 195 Contract Product Liability  ☐ 196 Franchise | ○ N. *Three-Judge Court*  ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
42 U.S.C. §2000e-5  Employment discrimination - federal government

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 60,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 5, 2007   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.